** NOTE: THIS OPINION DUPLICATES BOTH REQUESTING PARTY REQUESTS **
THE ATTORNEY GENERAL HAS RECEIVED YOUR REQUEST IN WHICH YOU ASK FOR AN OPINION ADDRESSING THE CONSTITUTIONALITY OF THE OKLAHOMA LAW WHICH PROHIBITS TATTOOING UNLESS DONE BY A LICENSED PRACTITIONER OF THE HEALING ARTS. IN VIEW OF THE FACT THAT AN OPINION OF THE ATTORNEY GENERAL ON THE CONSTITUTIONALITY OF A STATUTE IS ADVISORY ONLY (YORK V. TURPEN, 681 P.2D 763 (OKLA.1984)), YOUR REQUEST WILL BE ANSWERED BY THIS INFORMAL LETTER. THIS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL BUT REPRESENTS, RATHER, THE ANALYSIS AND CONCLUSIONS OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL.
TITLE 21 O.S. 841 (1991) PROVIDES AS FOLLOWS:
 "IT SHALL BE UNLAWFUL FOR ANY PERSON TO TATTOO OR OFFER TO TATTOO ANY PERSON. AS USED HEREIN TO "TATTOO" MEANS TO INSERT PIGMENT UNDER THE SURFACE OF THE SKIN OF A HUMAN BEING, BY PRICKING WITH A NEEDLE OR OTHERWISE SO AS TO PRODUCE A PERMANENT INDELIBLE MARK OR FIGURE VISIBLE ON THE SKIN. PROVIDED, HOWEVER, THAT THE PROVISIONS HEREOF SHALL NOT APPLY TO ANY ACT OF A LICENSED PRACTITIONER OF THE HEALING ARTS PERFORMED IN THE COURSE OF HIS PRACTICE."
THERE ARE THREE POSSIBLE CONSTITUTIONAL QUESTIONS RAISED BY THE STATUTE IN QUESTION. FIRST, IT MIGHT BE ARGUED THAT THE STATUTE DEPRIVES ONE OF PROPERTY WITHOUT DUE PROCESS OF LAW IN VIOLATION OF THE FOURTEENTH AMENDMENT; SECOND, THAT IT VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT; AND THIRD, THAT IT INFRINGES ON FREEDOM OF SPEECH IN VIOLATION OF THE FIRST
DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS
IT IS CLEARLY WITHIN THE POLICE POWER OF A STATE TO ENACT ALL LAWS AND REGULATIONS NECESSARY TO PROTECT THE HEALTH, SAFETY, AND WELL BEING OF ITS CITIZENS. ATLANTIC COAST LINE RAILROAD V. GOLDSBORO, 232 U.S. 548, 58 L.ED. 721 (1914). IN ATLANTIC THE SUPREME COURT WROTE THAT THIS POWER TO LEGISLATE AND REGULATE FOR THE COMMON GOOD "CAN NEITHER BE ABDICATED NOR BARGAINED AWAY, AND IS INALIENABLE EVEN BY EXPRESS GRANT; AND THAT ALL CONTRACT AND PROPERTY RIGHTS ARE HELD SUBJECT TO ITS FAIR EXERCISE". ATLANTIC, 232 U.S. AT 557. THUS, WHATEVER ARGUABLE "RIGHT" ONE MIGHT HAVE TO OPERATE A TATTOO PARLOR IS SUBJECT TO THE STATE'S POWER TO PROTECT THE HEALTH AND SAFETY OF THOSE WITHIN ITS BORDERS.
THE ATLANTIC CASE CONCERNED A SECTION OF RAILROAD TRACK WHICH LAY DIRECTLY IN THE CENTER OF GOLDSBORO, NORTH CAROLINA. THE TRACK HAD PRECEDED THE TOWN AND WAS USED FOR SHIFTING FREIGHT CARS FROM ONE SPOT TO ANOTHER AND FOR GIVING THE CARS ACCESS TO WAREHOUSES. THE TOWN ENACTED CERTAIN ORDINANCES WHICH SEVERELY LIMITED THE RATE OF SPEED AND THE HOURS OF CARS USING THE TRACK, AND WHICH REQUIRED THE RAILROAD TO LOWER THE TRACK TO MAKE IT CONFORM TO THE GRADE OF THE NEWLY PAVED STREET.
THE RAILROAD OBJECTED THAT ALL OF THESE LIMITATIONS CONSTITUTED A TAKING OF THEIR PROPERTY WITHOUT DUE PROCESS. THE SUPREME COURT DISAGREED AND HELD THAT "THE ENFORCEMENT OF UNCOMPENSATED OBEDIENCE TO A REGULATION ESTABLISHED UNDER THIS POWER FOR THE PUBLIC HEALTH OR SAFETY IS NOT AN UNCONSTITUTIONAL TAKING OF PROPERTY WITHOUT COMPENSATION OR WITHOUT DUE PROCESS OF LAW". ATLANTIC, 232 U.S. AT 557.
THE SUPREME COURT OF FLORIDA RELIED ON ATLANTIC AND ON SEVERAL CASES FROM THE UNITED STATES SUPREME COURT WHEN IT UPHELD A 1970 FLORIDA STATUTE WHICH, LIKE OKLAHOMA'S, OUTLAWED TATTOOING WHICH HAD FORMERLY BEEN PERMITTED, I.E. TATTOOING OF ADULTS. GOLDEN V. MCCARTY, 337 SO.2D 388 (FLA. 1976).
THE PLAINTIFF, MS. MCCARTY, HAD BEEN OPERATING A TATTOO PARLOR FOR YEARS. SHE OBJECTED THAT THE NEW STATUTE DEPRIVED HER OF PROPERTY WITHOUT DUE PROCESS OF LAW BECAUSE IT MADE IT IMPOSSIBLE FOR HER TO CONTINUE IN HER CHOSEN PROFESSION. IN UPHOLDING THE STATUTE THE FLORIDA SUPREME COURT HELD THAT THE STATE COULD "BY STATUTE OR OTHER APPROPRIATE MEANS, REGULATE ANY ENTERPRISE, TRADE, OCCUPATION OR PROFESSION IF NECESSARY TO PROTECT THE PUBLIC HEALTH, SAFETY, WELFARE OR MORALS". GOLDEN, 337 SO.2D AT 389, CITING GITLOW V. PEOPLE OF NEW YORK, 268 U.S. 652, 69 L.ED. 1138 (1925), AND KAHN V. SHEVIN, 416 U.S. 351, 40 L.ED.2D 315 (1974).
EQUAL PROTECTION
CASES CHALLENGING STATE ACTION AS VIOLATIVE OF EQUAL PROTECTION GUARANTEES ARE ANALYZED FIRST TO DETERMINE WHETHER THE STATE ACTION TREATS SIMILARLY SITUATED PERSONS DIFFERENTLY. IF IT DOES NOT, THEN THE ACTION DOES NOT VIOLATE EQUAL PROTECTION PRINCIPLES. IN THE CASE OF THE TATTOO STATUTE IN QUESTION, SIMILARLY SITUATED PERSONS ARE NOT TREATED DIFFERENTLY; ALL THOSE WHO ARE NOT PRACTITIONERS OF THE HEALING ARTS ARE TREATED THE SAME AND ALL THOSE WHO ARE PRACTITIONERS OF THE HEALING ARTS ARE TREATED THE SAME. THUS, THE STATUTORY BAN ON TATTOOING UNLESS DONE BY A MEDICAL PERSON DOES NOT VIOLATE THE EQUAL PROTECTION GUARANTEES OF THE FOURTEENTH AMENDMENT.
IF WE GO ON TO THE NEXT STAGE OF EQUAL PROTECTION ANALYSIS, EVEN THOUGH IT IS NOT NECESSARY TO DO SO HERE, WE SEE THE SAME RESULT. IF A CHALLENGED STATE ACTION DOES TREAT SIMILARLY SITUATED PERSONS DIFFERENTLY, THEN IT IS EXAMINED TO SE WHETHER IT INVOLVES SUSPECT CLASSIFICATIONS — SUCH AS RACE OR NATIONAL ORIGIN, OR THE EXERCISE OF FUNDAMENTAL RIGHTS — SUCH AS THE RIGHT TO VOTE. IF EITHER OF THESE CATEGORIES ARE PRESENT THEN THE LEGISLATION WILL FAIL UNLESS IT SERVES A COMPELLING STATE INTEREST WHICH IS HELD TO BE MORE IMPORTANT THAN THE INTEREST OF THE INDIVIDUAL INVOLVED. IF NO SUSPECT CLASSIFICATION OR FUNDAMENTAL RIGHT IS INVOLVED THEN THE LEGISLATION WILL BE UPHELD SO LONG AS IT IS RATIONALLY RELATED TO A LEGITIMATE STATE INTEREST.
IN THE MATTER OF TATTOOING, THERE IS NEITHER A SUSPECT CLASSIFICATION NOR A FUNDAMENTAL RIGHT INVOLVED. THEREFORE, SO LONG AS THE QUESTIONED STATUTE IS RATIONALLY RELATED TO A LEGITIMATE STATE INTEREST — SUCH AS PROTECTION OF THE PUBLIC HEALTH — IT WILL BE CONSTITUTIONAL.
THE FLORIDA COURT IN THE GOLDEN CASE DISCUSSED ABOVE FOUND IT COMPLETELY REASONABLE THAT THE LEGISLATURE MIGHT WISH TO PREVENT THE POSSIBILITY OF INFECTION AND THE SPREAD OF COMMUNICABLE DISEASES, BOTH OF WHICH HAVE BEEN FOUND TO BE SUBSTANTIAL RISKS IN TATTOOING. IT HELD THAT THE PRACTICE OF TATTOOING WAS SUBSTANTIALLY RELATED TO THE PUBLIC HEALTH AND THAT THE CHALLENGED STATUTE WAS A REASONABLE RESTRICTION ON THE PRACTICE OF TATTOOING FOR THE BENEFIT OF THE PUBLIC HEALTH. THEREFORE, THE STATUTE DID NOT VIOLATE THE EQUAL PROTECTION CLAUSE OF THE CONSTITUTION. TEN YEARS EARLIER THE COURT OF APPEALS OF NEW YORK HAD REACHED THE SAME CONCLUSION IN GROSSMAN V. BAUMGARTNER, 218 N.E.2D 259 (NEW YORK 1966).
THE UNITED STATES SUPREME COURT HAS CONSIDERED BOTH DUE PROCESS AND EQUAL PROTECTION CHALLENGES TO A KANSAS STATUTE WHICH PROHIBITS THE PRACTICE OF DEBT ADJUSTMENT OR DEBT CONSOLIDATION UNLESS PERFORMED BY A LAWYER. IN FERAUSON V. SKRUPA, 372 U.S. 726, 10 L.ED.2D 93 (1963), THE COURT HELD THAT THE KANSAS LEGISLATURE WAS ACTING WITHIN ITS APPROPRIATE SPHERE OF POWER WHEN IT PASSED THE CHALLENGED STATUTE, AND THAT IT WAS FOR "LEGISLATURES, NOT COURTS, TO DECIDE ON THE WISDOM AND UTILITY OF LEGISLATION". FERGUSON, 372 U.S. AT 729. THE COURT DECLINED TO FIND THAT THE DUE PROCESS CLAUSE COULD BE PROPERLY USED TO STRIKE DOWN LEGISLATION SIMPLY BECAUSE A COURT FOUND IT UNWISE OR UNNECESSARY. SEE ALSO, WILLIAMSON V. LEE OPTICAL OF OKLA.,348 U.S. 483, 99 L.ED. 563 (1954).
THE COURT FURTHER FOUND THAT THE EXCEPTION IN THE STATUTE FOR LAWYERS DID NOT VIOLATE THE EQUAL PROTECTION CLAUSE. VIRTUALLY ALL STATUTES CREATE CLASSIFICATIONS OF ONE SORT OR ANOTHER. "IT IS ONLY `INVIDIOUS DISCRIMINATION' WHICH OFFENDS THE CONSTITUTION". FERGUSON, 372 U.S. AT 732. SEE ALSO, WILLIAMSON, 348 U.S. AT 489.
FIRST AMENDMENT
THE FIRST AMENDMENT GUARANTEES THE RIGHT TO FREEDOM OF SPEECH. NEVERTHELESS, THE COURTS HAVE RECOGNIZED THAT CERTAIN CONDUCT, IF IT IS SUFFICIENTLY COMMUNICATIVE IN NATURE, MAY BE REGARDED AS SPEECH. SEE, E.G., TEXAS V. JOHNSON, 491 U.S. 399, 105 L.ED.2D 342 (1990) (PEACEFUL BURNING OF AMERICAN FLAG); SPENCE V. WASHINGTON,418 U.S. 405, 41 L.ED.2D 842 (1974) (DISPLAYING AMERICAN FLAG WITH PEACE SYMBOL AFFIXED). THE ACT OF DISPLAYING A TATTOO MIGHT ARGUABLY BE REGARDED AS CONDUCT AMOUNTING TO "SPEECH". BUT THE ONLY COURT WHICH HAS ACTUALLY EXAMINED THE QUESTION HAS HELD THAT THE ACTUAL ACT OF TATTOOING — THE CONDUCT WHICH IS PROHIBITED BY 21 O.S. 841 — IS NOT "SUFFICIENTLY IMBUED WITH ELEMENTS OF COMMUNICATION" TO FALL WITHIN THE PROTECTION OF THE FIRST AMENDMENT". YURKEW V. SINCLAIR, 495 F. SUPP. 1248, 1255 (MINN. 1980).
CONCLUSION
TITLE 21 O.S. 841 IS A VALID EXERCISE OF THE LEGISLATURE'S POWER TO ENACT LEGISLATION TO PROTECT THE PUBLIC HEALTH, WELFARE, SAFETY, AND COMFORT. IT IS RATIONALLY RELATED TO THAT PROTECTION. AND IT DOES NOT REGULATE CONDUCT WHICH AMOUNTS TO SPEECH. THEREFORE, THE STATUTE IN QUESTION DOES NOT VIOLATE THE DUE PROCESS CLAUSE OR THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT, NOR DOES IT VIOLATE THE FREE SPEECH GUARANTEE OF THE FIRST AMENDMENT.
IT IS THEREFORE THE OPINION OF THE UNDERSIGNED THAT 21 O.S. 841 IS CONSTITUTIONAL AND ENFORCEABLE.
(SUE WYCOFF)